UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Collaborative Systems Group, Inc.,   Case No. 1:10cv543

    Plaintiff,   Judge Michael R. Barrett

    v.

Melissa Trenary Grove, *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court on Plaintiff Collaborative Systems Group, Inc.'s Motion for Partial Summary Judgment. (Doc. 29.) Defendants Melissa Trenary Grove and Heavenly Touch Day Spa, Inc. have filed Responses in Opposition (Docs. 32, 39), and Plaintiff has filed a Reply (Doc. 33).

**I.    BACKGROUND**

The Verified Complaint in this matter is made by Kenneth J. Schockman, Chief Executive Officer of Plaintiff Collaborative Systems Group, Inc. (Doc. 2.) The Verified Complaint states that Defendant Melissa Trenary Grove was the former Chief Financial Officer of Collaborative Systems Group. Grove allegedly stole funds from Collaborative Systems Group through unauthorized checks, unauthorized use of its debit card, improper electronic bank transfers, unauthorized "payroll" expenses, and unauthorized use of its corporate credit card.[1] Grove allegedly used the United States mail and electronic wires

---

[1] The alleged amount of unauthorized transactions are as follows: $328,802.76 in unauthorized credit card transactions/usage; $637,031.91 in unauthorized checking account transactions; $53,604.99 in unauthorized transfers from Collaborative accounts to pay Grove's American Express bills; $8,264.60 in unauthorized usage of

to perpetuate her fraudulent scheme. The Verified Complaint states that Grove conspired with her company, Defendant Heavenly Touch Day Spa, Inc., and diverted funds from Collaborative Systems Group to Heavenly Touch.

Collaborative Systems Group brings claims against Grove and Heavenly Touch for violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1341 and 1343; and state law claims for conversion of funds, unjust enrichment, fraudulent activity, breaches of fiduciary duty, civil conspiracy, and replevin. Collaborative Systems Group brings the same claims against Defendants Robert Grove II and Larry Dru Trenary, but Collaborative Systems Group's Motion for Partial Summary Judgment is not directed toward those claims.

## II.  ANALYSIS

Federal Rule of Civil Procedure 56(a), as amended on December 1, 2010, provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

Collaborative's check card; and $8,000 in unauthorized checks diverted to Heavenly Touch.

248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

> An assertion that a fact cannot be or is genuinely disputed must be supported by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A verified complaint carries the same weight as would an affidavit for the purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (explaining that where a party files a verified complaint, the allegations contained therein "have the same force and effect as an affidavit for purposes of responding to a motion for summary judgment" (internal quotation marks omitted)).

Collaborative Systems Group argues that it is entitled to summary judgment on its claims against Grove and Heavenly Touch based on the allegations in the Verified Complaint. Grove responds that the payments identified in the Verified Complaint were authorized. Grove has attached an affidavit to her response to the motion in which she explains that as a start-up company, Collaborative Systems Group suffered cash-flow

shortages from time to time, and it was necessary for various company officers to personally advance funds to the company to cover such shortages. (Doc. 32-1, Melissa Trenary Grove Aff. (12/24/10) ¶ 8.) Grove explains further that these advances were intended to be repaid. (Id.) Grove states:

> Plaintiff's assertion of checks in its "Excel Spreadsheet" supporting its Complaint, upon information and belief, includes checks which were applicable to valid company expenses and written to other individuals.
>
> Additionally, some unknown numbers of such checks (your Defendant, having turned over all company records to Plaintiff, has no detailed information as to specific checks since Plaintiff's Spreadsheet does not include such information), upon information and belief, will include multiple repayments of the funds being advances to CSG, Inc., by myself, which were authorized.

(Id., ¶¶ 10-11.) Heavenly Touch relies upon a different Affidavit by Grove to state that the payments Heavenly Touch received from Collaborative Systems Group were a partial repayment of a loan made by Grove to Collaborative Systems Group. (Doc. 39, Melissa Trenary Grove Aff. (3/2011) ¶ 3.)

Collaborative Systems Group argues that these statements in Grove's Affidavits do not serve as sufficient evidence to defeat its summary judgment motion. However, under Rule 56(d):

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Court finds that Grove has shown by her December Affidavit that she cannot present facts essential to justify her opposition to Collaborative System Group's summary judgment motion because she no longer has the relevant records in her possession. Moreover, the Court notes that the Verification signed by Schockman does not state that it is being signed under penalty of perjury.  Schockman only states that "the factual statements [in the Verified Complaint] are true and accurate to the best of my knowledge, information, and belief." (Doc. 2.)  The Sixth Circuit has indicated that a plaintiff must sign a verified complaint under penalty of perjury to defeat summary judgment.  *See Myers v. Transcor America, LLC*, No. 3:08-295, 2010 WL 3824083, at *9 (M.D.Tenn. Sept. 30, 2010) (and cases cited therein).  It follows that a verified complaint used to support a summary judgment motion must include the same language.  Therefore, the Court concludes that Collaborative Systems Group has not established that it is entitled to summary judgment on its claims against Grove and Heavenly Touch.

### III.   CONCLUSION

Based on the foregoing, Plaintiff Collaborative Systems Group, Inc.'s Motion for Partial Summary Judgment (Doc. 29.) is **DENIED**.

**IT IS SO ORDERED.**

                                     */s/ Michael R. Barrett*
                                     Michael R. Barrett, Judge
                                     United States District Court